Good morning, this is Case 1-17-003. I'm a law enforcement agent with the Illinois Corporation. And I'm the plaintiff's attorney v. Burke Burns & Pinelli Ltd. of the Illinois Corporation. I'm attending trial. I'm arguing on behalf of Chief Justice Collins, Mr. Vincent E. Pinelli. I'm arguing on behalf of the plaintiff's attorneys, Mr. Patrick J. Williams. Good morning, Mr. Pinelli. Good morning. Good morning, may it please the Court. As you are aware, I'm the attorney for the defendant appellants of Burke Burns & Pinelli, the law firm. Your Honors, we're asking the Court to reverse the summary judgment order that was entered by the Circuit Court on Count 1 of the plaintiff's complaint seeking a too quiet title. There is no question under the facts of the case that there was an attorney-client relationship. Was the lien served on Camelot during the existence of an attorney-client relationship? To answer that question, Judge, I would have to indicate that Camelot, Inc. was the subject of the underlying litigation. And was part of the recovery. So the answer to the question is no, correct? There was no written notice. It was served 10 years after the shareholder litigation settled, correct? That is correct, Judge. And the trial judge ordered the lien be released by the statutory lien by January 23, 2017. There's no stay that shows up in the record with respect to that. Has the lien been released? It has not, Your Honors. And why not? I think we assumed that because the Court sent this up under 304A that the parties were going to come to the appellate court, wait for a decision in the court, and then proceed from there. So we did not formally ask for a stay. That is correct. So in effect, the 304A would serve as a stay. Was that your position? That would be our position, Judge. Under Peterson, does the Act provide a remedy of foreclosure on real property? The Act being the Attorney's Lien Act? Yes. I don't think so, Judge, under that holding of Peterson. However, under the facts of this case, we weren't seeking to foreclose. We weren't even seeking to enforce the judgment. You didn't send a letter to the shareholder, the former clients, indicating that you were going to foreclose if there wasn't payment? We did. We did indicate that there would be. Right, but knowing that there was no right to foreclose under the statute? Well, I should back up then. I should be clear. When you say foreclose... On the property. On the property. Owned by Camelot. Right. We had no right to foreclosure, and we weren't seeking foreclosure. We were seeking payment of the fees. That's what we were seeking. But you did not ask the court for an adjudication or a judgment with respect to that, and then go ahead and file a lien based on the judgment? No, we did not, Judge. What happens, as you can tell, there's a long history here, is that after the 2005 letters to the clients and an indication of what was owing and that the balance would be payable upon the sale of the property, there was a long period of time that went by. And then it came to our attention in 2014 that the owners had used the property as collateral to borrow against. And so with that information, we became concerned that they may either, they could encumber the whole property or they could try to sell it. And so we acted to try to be clear to make our lien a record, a public record, so that if anybody did come to try to buy the property or lien it, that they would be aware of the lien. Did you also serve notice in writing of this lien on the adverse parties in the shareholder litigation? We did not, Judge, because... Well, wasn't that the way to perfect this lien? Isn't that the correct way under the statute? And certainly per the Rhoades case? I think that the statute speaks to perfecting the lien against non-client parties. That's not the wording of the statute, though, is it? It doesn't say non-client parties. Well, the statute says, I believe, let me find my language here. It says, to enforce such liens, such attorneys shall serve notice in writing which service may be made by registered or certified mail upon the party against whom their clients may have such suits. So they're speaking of giving notice to the parties against which your client has a suit that you have an attorneyship. Weren't those the adverse parties in the underlying shareholder litigation that got settled? Yes, but the settlement was years before this. So it's our position that that language doesn't address the situation which we have here, which is our clients. We're seeking to apply the lien to our clients, to the res of the recovery from our clients. And so this notice provision really applies to the situation where you're trying to put the parties against whom your client has a cause of action on notice that you have this lien. So do you have a case that supports your position that maybe, I mean, it seems, as Justice Burkett, I think, brought up the Peterson case, that that case is controlling, but do you have a case that would support the procedure you used? I don't have a case directly on point, Judge. I would rely specifically on the plain language of the statute, which only speaks to notice being given to those parties against whom your clients have a suit. And that's done in the situation where the client engages the attorney. Before a suit is filed, the attorney gives notice to those parties so they're aware of the claim. In this situation, we had a settlement that was years before this in which all the parties were aware of the settlement. So they would have had notice of the settlement and of what the recovery of the settlement was. So you think that was sufficient? The Hobson property. We think it was sufficient under the language of the statute as written. And if the legislature wanted that to apply to give notice to your client that you were going to be asserting a lien, then they would have said that. It would have specifically said that, but it doesn't say that. Okay, let me turn for a minute to the issue of jurisdiction. The trial court dismissed with prejudice your amended counterclaim, and you did not get a 304A finding and appeal that order. We did send an order asking the parties to address whether we have jurisdiction over the equitable lien claim given the fact that the counterclaim was dismissed with prejudice, that there was no 304A finding that was sought, and an equitable lien is really different than the statutory lien that we've been talking about the last few minutes. Would you address that, please? Yes, Your Honor, I will. First of all, just by way of a little procedural history, we did ask for a 308 finding from the circuit court when she entered that room. You said you asked for a... 308 finding. 308, okay. A permissive. Yes. And she denied that. So that's just by way of backdrop. As to the issue of do you have jurisdiction, our response to that would be that you do have jurisdiction because the issue of the equitable lien is embedded in the count one pleadings. So putting aside our attempt to file affirmative defenses in a counterclaim, in response, in our answers to the allegations in each of the counts, in each of the allegations of count one, we asserted facts and the argument that we had an equitable lien and that there had been an equitable assignment. So we answered that to the complaint. Is that why the trial court denied the 308? I'm not sure why she did. I don't think she specifically said, other than she didn't feel it met the criteria. Okay. But there wasn't anything more specific than that. So while... So you're saying even though the trial court dismissed your amended claim with prejudice, you think that the equitable claim wasn't dismissed from the lawsuit because you included language... In our answer. In your answer to the motion for summary judgment? Well, a couple things. One, in our answer, our formal answer to the complaint. So in each of the allegations, we answered it by saying we had an equitable lien, we had an assignment of the lien. Which was very specifically to count one. Yes. That's in our answer to each allegation of count one. That's number one. Number two is the parties operated on that basis because the summary judgment pleadings, as you would see, all contain arguments, not just on the statutory lien, but on the equitable assignment and equitable lien. So both parties fully briefed that issue because we were at issue on it, number one. And then number two, the court took argument and ruled on it as well. So I think the court felt that the equitable assignment and equitable lien positions of the parties were at issue as well. So you don't think that with this dismissal, though, the trial judge really effectively granted plaintiffs judgment on this amended counterclaim? No, I don't think so because, again, it was dismissal on their motion to dismiss those pleadings. And that stayed in the case. The only issue she sent up, and by the way, the judge did this on her own motion. The plaintiffs didn't ask for this 304A finding. We didn't ask for it. The judge, sua sponte, sent it up. So she felt... Well, if the parties didn't want it appealed, I assume it would have said something to the judge. I mean, the judge has no right to an appeal of her own ruling, but I'm assuming she may have said something like, you know, parties, I'm going to give you a 304A finding, certainly if you want it, but... Well, I mean, I just... My recollection, I don't have the transcript with me, unfortunately, is that the judge made it sua sponte. The plaintiffs objected to it. They didn't want it to come up. And the judge entered the open. We didn't... I mean, our reading of it was that the judge wanted the appellate court to look at these issues at that time, before the conclusion of the litigation. But didn't grant the 308, and so don't you now have to wait until all of the claims have been resolved, really, to appeal this order? I mean, there are two other counts here, the declaratory judgment and the accounting. I agree, Judge, that there are, and that they're not final and they're sitting there. Okay, so then we may not have jurisdiction. Well, again, our thought was that you do because those issues of equitable assignment and equitable lien are embedded in the answer to count one, which is up here, that's what's up here, it's just count one, in our answer to it, and that was fully briefed by the parties and was fully addressed at argument on the sum of the judgment. So part of the judge's ruling is that we don't have a lien, either a statutory lien or an equitable lien, by virtue of an equitable assignment. So that's been ruled on. But when you say it was addressed in the argument on motion for summary judgment, you actually had filed a cross-motion for summary judgment seeking a ruling on the dismissed claim. So I would assume that's why this... Excuse me. Sure, go ahead. No, that's all right. We cross-moved on count one based on our position that we had these liens. So that's what we were at issue with, putting aside the affirmative, casting them as affirmative defenses or as counterclaims. They were embedded in our answer, and so we cross-moved on count one based on those arguments as well. If I could return a minute to the Court's first question regarding the application of the case, the Peterson case. We felt that it was distinguishable, Judge, for a couple of reasons, if I may. One is that the case factually was different in that it did involve third parties, and the property at issue had gone into foreclosure, I believe. So at the time that the attorneys sought to file their lien, the property was in foreclosure and had also entailed these third parties, which is different than our situation because, again, our liens sprang into existence upon the execution of the fee agreements. The case law is very clear on that. Nobody disputes that. Under both the Attorney's Lien Act and the law, the common law, on equitable assignment and equitable lien, those liens spring into existence upon the creation of the attorney-client relationship in which the client agrees that the compensation to the attorney will be paid from the res, from the recovery. So it's not just a promise to pay, but they're assigning the right to be paid from the recovery, which the language of our fee agreements is clear and matches up with the cases we've cited, OX and so forth, Home Federal, which clearly stated that the attorney's fees  by settlement or judgment. Well, one of the agreements talked about 20% of any recovery. The other agreement provided the fee was a, quote, sum equal to 20%, so there's a difference in the language in the two agreements, correct? I think the one, if you're referring to the subsequent letter. The 96 agreement and the 2004 agreement had a different language. The 2004 came along after the fact and incorporated and adopted the original agreements. I mean, it specifically called out that it wasn't changing the agreements at all. So, again, when the agreements were signed in 96, that's when the liens came into existence for anything recovered by the firm. So, with respect to that issue, judges are feeling that we clearly meet the requirements of an equitable assignment of the recovery and that the lien flows, therefore, to the Hobson property, which was part of the recovery. All right, your time is up, counsel. You'll have time on rebuttal. Thank you. Thank you very much. Mr. Williams. Thank you, Justice, and may it please the Court. My name is Patrick Williams. I am the attorney for Camelot on this appeal. Listening to the questions to my counsel, my opposing counsel, I think you essentially stole my thunder in the sense that the points I wish to make concerning count one of our complaint were addressed by the panel. This is an appeal, and the notice of appeal is limited to the trial court's order of December 19th of 2016, which granted summary judgment on the quiet title count requiring the law firm to release the attorney's lien that had been recorded in 2014, which was 10 years after the settlement of the litigation that occurred. And, Justice Sunoff, the case involved contested stock ownership. Let's not make any mistake about that. And this case involved individual... These cases involved the stock ownership interests of various individuals in this entity called Camelot. Camelot was never a client of the firm, was never a client of Burns & Canuck. Now, we've talked about the fact that the attorney's lien statute is a creature of statute. As such, just as with the mechanic's lien statute, strict compliance with the requirements of the statute are mandated. And without strict compliance, the attorney's lien fails. And as Justice Paquette pointed out, the lien was not asserted during the time that the attorney-client relationship existed. Ten years had lapsed since that time. The issue with respect to these fee agreements, and again, with all due respect to my opposing counsel, I don't know what these fee agreements provide at this point. That's the subject of our declaratory count and our accounting count. But to say that there is a res, or some defined property that has been agreed upon by anybody, I think is a stretch, to put it kindly. There are, as I count, six iterations of fee agreements, none of which are consistent, none of which provide a clear direction as to who owes what when. The last iteration I submit talks about a notion that the fee is based upon 20% of the sale price. 20% of the sale price. Now, that's important from the standpoint of what supposedly generated this attorney's lien being filed. In the first instance, counsel pointed out that, well, we got wind that there was a lien being placed against the property to fund a portion of the settlement for $300,000. That's irrelevant. If it's 20% of the sale price, they could have linked it up to the full value of the property. That has nothing to do with the sale price. But, I mean, didn't the parties all operate under the assumption that the fee was 20% of the sale price of the property? I mean, Drs. Kim, Lee, and Tseng, it Kim, paid $400,000 towards this fee, correct? Again, Judge, if the property has been on the market, and we're getting a little far afield, but I'll address this anyway. The property has been on the market for, well, 2017, 2004, 13 years. And the price has continued to go down. It's been listed. There's no claim being made anywhere that the effort to sell the property is somehow deficient or not consistent with expectations or anything like that. But, again, the point, if it's 20% of the sale price, we don't know the sale price because there's been no sale. We don't know when or if the property will sell. It's apparently being listed at substantially less than the values back then. We all know about the great crisis in the real estate market, and it has affected this property. But, again, we're moving off the mark. Let's go back to some of the procedural issues that we addressed with counsel. Did they meet the requirements of the statute with respect to notice? Not even close. Not even close. And why not? Because the parties against whom their clients have such claims suits or causes of action were never notified. The only notice that we are aware of, and I think that counsel has conceded, is the recording of the lien itself. And this notion, and looking at their argument as to what the validity or how they justify the validity of the lien, is a statement in their brief that notice was provided during the, I'm sorry, that... Well, he said all the shareholders were aware of the fact that there was a lien, that they were involved, that they didn't have to be notified because the shareholders were all involved in this litigation. The clients were all involved in the litigation. Okay. Problem number one, Camelot was not a client. Camelot never signed a fee agreement. Camelot was never a party to an attorney-client relationship with the firm, ever. The second problem is that they claim that notice upon the parties, or this knowledge, or constructive knowledge, I don't know where that comes from. There is no authority anywhere that says that by serving your client with the notice of lien, in this case it would have to be by recording, which is, again, not provided for by statute, that that somehow creates a valid attorney's lien or a perfected attorney's lien, is nowhere to be found. That the lien was not recorded during the time period, as I said, of the attorney-client relationship. And as I say, Camelot never agreed to the imposition of the lien. And I guess the other underlying problem, and if we're going to say that this lawsuit, the claim, the cause of action, involves the contested stock ownership, then I submit that the res, if you will, that this lien could have attached to, and I think this gets to the question that you raised with respect to whether these defendant shareholders were raised or ever notified, is that the attorney's lien really attaches to the stock. That the stock is what was contested, the stock is what ultimately transferred, that placed the clients, and again, the people who received it, this is another layer of problems, the people that received the stock are not identical to the parties that entered into the fee agreement. But part of the settlement was that, I mean, the stock was obviously part of the settlement, but the fact that the property then was transferred to Camelot and owned by Camelot was part of the settlement too, was it not? There was a conveyance of the property by non-parties, the Kuhns, to Camelot, yes. But again, the Kuhns were not parties to the shareholder litigation either. So my point is that if we are going to adhere to the notion that strict compliance with the attorney's lien statute is required, then in my estimation, there is no question that there hasn't been any compliance with any of the key aspects of perfection of the attorney's lien statute, and the summary judgment on that count was appropriate. Let's turn then to the question of the equitable lien and jurisdiction. Right, and to that I say I applaud the panel for the nice catch. I think the question is spot on in terms of the jurisdiction of the court. The order that entered by Judge Wheaton that dismissed the amended counterclaims entered in June, June 23rd of 2016. So there's no question that the notions of the equitable assignment and equitable liens have been addressed by the court and dismissed by the court with prejudice, the trial court with prejudice, and that there was no basis to take an immediate appeal. And I submit that there is no jurisdiction for this court to hear those issues at this point because of dependency of the remainder of the case. But counsel indicated that he felt there was because the notion of equitable lien is embedded, to use his words, in their answer to the complaint and in the cross motions for summary judgment. How do you respond to that? First of all, the cross motion for summary judgment was also their response. I mean, the cross motion and the response were identical, virtually verbatim. So in terms of the notion that they've raised it, they've continued to raise it. I'll grant you that. And even when they're dismissed with prejudice, they've raised it again. I don't know of any authority of this embedded notion. I don't know of any authority that says that if something is embedded, that creates an appealable issue independent of a court order. To the contrary. I don't know of anything that says that there is a basis to take an appeal when there has been a request for a 308 finding and that request has been denied. So I understand that it might be part of an underlying argument. But the matter before this panel is specifically related to compliance with a statute, which I think in the court's order recognized that there is a distinction between the notion of the equitable lien and the statutory lien, and the considerations are different. Now, having said that, I understand that the courts have discretion, this court has discretion as to what they will hear or won't hear. And I submit that there is no reason for the court to hear these arguments on the equitable lien because they're not right yet. They haven't been properly presented before the court. But I would submit that in terms of this notion of the equitable lien, that there isn't a, again, there isn't an indication that anyone intended to create an interest in real estate for this property to be, for this lien to attach to the real estate. If there was going to be any equitable lien, and again, if we want to get into discussion of the language of the fee arrangement, the fee arrangement is, again, something that is, I submit, very confused and involved because it's not just the first two agreements. It's six agreements that cover a period of at least 10 years that, as I say, are inconsistent and tend to conflict. But the point is that if this lien, equitable lien or otherwise, was going to attach to anything, I submit the lien would have attached to the stock ownership that they acquired, not to the real estate. And furthermore, that if you're going to look at what the language or what the intention of the parties was, whether or not there was an, the analysis, of course, is whether or not there was an intention to create a lien in recovery or whether it was an obligation to pay a particular fee. And there's a clear distinction between those two. I submit that the payment of the $400,000 suggests, rather than creating a lien, manifests itself in the notion that the $400,000 is indicative of the obligation of the plaintiffs to pay an attorney's fee to the defendant law firm without there being any type of lien created. And the acceptance of that money by the firm without any indication that this is satisfaction of our lien or anything along those lines, I think is supportive of that. But I digress. I submit that the court, this court, is without jurisdiction because of the status of those equitable lien and equitable assignment issues. And those matters should not be considered by the court. And that when the matters before the court are considered, and that being the precision that was required to be utilized to perfect this attorney's lien, that that precision was not followed and that the ruling of the trial court was appropriate. We'd ask that the ruling be affirmed and that this court further order the immediate release of that attorney's lien. Thank you. Thank you very much, counsel. Mr. Pinoweth. Your Honor, in looking at this issue of the notice requirement under the Attorney's Lien Act, I think you have to look at it in a practical view. Does it make sense if the legislature intended to protect attorneys' fees and that in doing so, they issue a statute that says you've got to give notice to a party against whom at some point later may be responsible for paying a settlement on a claim or judgment. Yeah, that makes perfect sense. Put them on notice right away. But that same sense doesn't apply here when you're talking about protecting the attorney's fees in the res or the recovery that was obtained for the client by the attorney. And in this case, the client knew from day one, entering into the fee agreement, that they were going to be responsible for payment of attorney's fees based on that recovery. And the recovery, though, did not, it included stock, did it not, as opposing counsel mentioned? I mean, why wasn't the lien or shouldn't the lien have attached to the stock instead of the real property, especially since Camelot was not the client during the relevant period of time? Judge, first of all, this case, the underlying case, was a very difficult and protracted litigation. There were disputes over not just the ownership of the stock but the ownership of the company. There were other parties. Eight years of heavily contested litigation. The recovery was both. The lien attaches to both in our position, and we've said that. It attaches to the Camelot stock because that was obtained for the benefit of the parties as well as to the ownership of the Hobson property. But you did not seek to adjudicate the lien on the stock, did you? We haven't sought to adjudicate the lien on anything at this point. We haven't asked the court to adjudicate anything. All we did was try to put our lien of public record to protect our interest in the recovery, and this lawsuit was brought against us for doing that. So that was with respect to the real property, the claim to quiet title. But is there something that prevented you from going into court to ask that the lien against the stock be adjudicated? No, there wasn't, Judge. But again, it was our feeling that we were waiting for the property to be sold. So that being said, the only other point I would make is that on this issue of jurisdiction, again, you just have to read the briefs to see that all the parties in the court were addressing the issue of the equitable assignment and equitable lien. So to that extent, everybody was operating under the assumption that the court was addressing that issue. And if it did, then I think you have jurisdiction, because under the order that was entered, she set it up under the 304A standards. So respectfully, we ask the court to reverse the decision. Okay, thank you very much, counsel. The court will take the matter under advisement and render a decision into court. We stand in brief recess until the next case. Thank you very much.